**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ZHONGZHENG WU,

Petitioner,

v.

ERIC H. HOLDER, JR.,[*]
United States Attorney General,

Respondent.

No. 08-9558
(Petition of Review)

**ORDER AND JUDGMENT**[**]

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

Petitioner Zhongzheng Wu, a native and citizen of the People's Republic of

China, entered the United States legally in November 2000, but overstayed his

visa. After being served with a notice to appear, he conceded removability but

sought political asylum, restriction on removal, and withholding of removability

---

[*]      Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for
Michael B. Mukasey as the respondent in this appeal.

[**]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under the Convention Against Torture (CAT) based on his wife's forced sterilization in 1984 in China and the treatment both he and his wife received from the government associated with that sterilization. Following a hearing, the Immigration Judge (IJ) denied petitioner asylum on two grounds: (1) that he did not apply for asylum withing the one-year statutory time period, and (2) that he failed to show past persecution or a well-founded fear of future persecution within the meaning of the Immigration and Nationality Act (INA). The IJ based his determination regarding the second ground on an adverse credibility finding. The IJ found that petitioner's testimony "was not sufficiently detailed, consistent or believable to provide a plausible and coherent account of the basis for his fears, and, thus, cannot suffice to establish his eligibility without further corroborating evidence." Admin. R. at 99. The IJ found that he did not believe petitioner's testimony and that petitioner's unwillingness to return to China did not stem from persecution. The IJ went on to determine that since petitioner had failed to show the lower burden of proof for asylum, he also failed to satisfy the clear probability standard of eligibility required for restriction on removal[1] and that he had likewise failed to make the required showing that he had been or

---

[1]    "To obtain a restriction on removal a noncitizen must establish a clear probability of persecution in that country on the basis of race, religion, nationality, membership in particular social group, or political opinion. The question under the clear-probability standard is whether it is more likely than not that the noncitizen would be subject to persecution upon return to the country." *Razkane v. Holder*, 562 F.3d 1283, 1287 (10th Cir. 2009) (quotations, citation, brackets, and ellipsis omitted).

would likely be tortured if returned to China to qualify for protection under the CAT.

Petitioner appealed to the BIA raising a number of points of error. In regard to restriction on removal pursuant to 8 U.S.C. § 1231(b)(3), the BIA noted that *In re J-S-*, 24 I. & N. Dec. 520 (A.G. 2008) overruled two previous BIA decisions in holding that a spouse of a person who has been subjected to forced abortion or sterilization is not *per se* entitled to refugee status.[2] It therefore ruled that even if it were to find petitioner credible, he was unable to qualify for restriction on removal. This is the ruling petitioner asks us to review.[3]

The BIA issued its per curiam decision in a brief order signed by a single board member. *See* 8 C.F.R. § 1003.1(e)(5). We thus review the BIA's decision, consulting the IJ's explanation if necessary. *See, e.g., Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).

Petitioner's argument is conclusory and self-contradicting. Since it raises only a legal question, our review is de novo. *See Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). Petitioner recognizes that the Attorney General's

---

[2] The BIA noted that petitioner requested asylum solely on the basis of his wife's alleged forced sterilization. *See* Admin. R. at 3 n.2.

[3] We acknowledge that there are passages in petitioner's opening brief that appear to question other rulings by the BIA. To the extent that petitioner intended those passages to raise other points of error to be reviewed, we decline to review such points. *Kabba v. Mukasey*, 530 F.3d 1239, 1248 (10th Cir. 2008) (holding that issues that are not sufficiently raised in an opening brief are waived).

decision in *In re J-S-* overruled two previous BIA decisions, *In re S-L-L-*, 24 I. &
N. Dec. 1 (BIA 2006) and *In re C-Y-Z-*, 21 I. & N. Dec. 915 (BIA 1997), in
holding that a spouse of a person who has been subjected to forced abortion or
sterilization *is not* per se entitled to refugee status. Petitioner then sets forth six
opinions from other circuit courts that predated *In re J-S-* and ruled that a spouse
of a person who has been subjected to forced abortion or sterilization *was* entitled
to refugee status. He then states, without further discussion of the case law he
relies upon: "[t]his issue appears to be one of first impression in this circuit, and
petitioner urges that the ruling of the preceding courts be followed herein." Aplt.
Br. at 7. But our independent review of those opinions shows that the rulings
therein *relied* on the now-overruled, BIA decisions in reaching their conclusions.
Thus, the reasoning in those opinions has been undercut and we must deny the
petition for review.

This is not to say that the Attorney General's decision in *In re J-S-*
forecloses *any* argument to this court that a spouse of a person who has been
subjected to forced abortion or sterilization is *per se* entitled to refugee status.
We do not reach that question. Petitioner's brief makes no argument as to why
the outcome of the cited cases should be sustained after their reasoning has been

undermined, and we are not inclined to try and craft such an argument sua sponte.[4]

The petition for review is DENIED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

---

[4] It does appear that such an argument would be a difficult one to make in that our independent research has revealed no cases decided after *In re J-S-* that would be helpful to petitioner. *See, e.g., Yu v. U.S. Atty. Gen.*, 568 F.3d 1328, 1332-33 (11th Cir. 2009) (holding (1) that 8 U.S.C. § 1101(a)(42)(B) is unambiguous and does not confer automatic refugee status on an individual merely because his or her spouse underwent a forced abortion or sterilization, and (2) that even if the statute was ambiguous, the Attorney General's decision in *In re J-S-*, was reasonable and entitled to deference); *Lin-Zheng v. Atty. Gen.*, 557 F.3d 147, 156-57 (3d Cir. 2009) (expressly overruling one of the opinions that petitioner in this case asks us to follow); *see also Shou Wei Jin v. Holder*, 572 F.3d 392, 396-97 (7th Cir. 2009).